

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00217-CR

ABRAHAM C. MARTINEZ,

                                                        Appellant

 v.

THE STATE OF TEXAS,

                                                        Appellee

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2015-2344-C2**

## OPINION

In this appeal, appellant, Abraham Chavez Martinez, complains that: (1) the trial court abused its discretion in ordering the sentence in this case to run consecutive to a prior sentence in which appellant was on parole; and (2) the assessment of court costs violates his equal-protection rights in light of the Texas Supreme Court's recent pronouncement in *Campbell v. Wilder*, 487 S.W.3d 146, 152 (Tex. 2016). Because the trial court erred in ordering the sentence in this case to run consecutive to a prior sentence in

which appellant was on parole, we modify the trial court's cumulation order and affirm the judgment as modified.

## I.     THE TRIAL COURT'S CUMULATION ORDER

In his first issue, appellant contends that the trial court abused its discretion in ordering the sentence in this case to run consecutive to a prior sentence in which he was on parole.[1]  The State responds by asserting that a sentence "ceases to operate" when a defendant "makes parole," unless the parole has been revoked prior to ordering a consecutive sentence in a new case.  *See Byrd v. State*, PD-0213-15, 2016 Tex. Crim. App. LEXIS 1047, at *11 (Tex. Crim. App. Sept. 14, 2016) ("Without any evidence in the record that appellant's parole on the 2008 offense was revoked prior to being sentenced for this offense, we conclude that appellant had 'made parole' on that original offense at the time of sentencing in this case.  Therefore, for the purpose of Article 42.08(a)'s and Section 508.150(b)(2)'s application to these facts, appellant's 2008 sentence had already 'ceased to operate' when he was sentenced in this case.  This means that there was no earlier sentence still in operation upon which to stack these sentences.  The cumulation orders are invalid.").  Because of this, and because the trial testimony established that appellant had "made parole" at the time of the offense and was still on parole throughout trial, the State concedes that the "judgment should be modified accordingly to delete the provision

---

[1] The aforementioned prior sentence originated in the 54th District Court in Cause Number 2011-2033-C2 for unlawful possession with intent to deliver a controlled substance—methamphetamine.

that this sentence not begin to operate until the sentence in 2011-2033-C2 ceased to operate." After our review of the record, we agree that the judgment should be modified. Accordingly, we sustain appellant's first issue and modify the trial court's judgment to delete the provision ordering the sentence in this case to run consecutively with the sentence imposed in cause number 2011-2033-C2.

## II. COURT COSTS

In his second issue, appellant argues that the statutes authorizing the assessment of court costs against indigent criminal defendants are unconstitutional and violate his right to equal protection of the law. We disagree.

Upon conviction, the imposition of court costs is mandatory. TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006) ("If the punishment is any other than a fine, the judgment . . . shall adjudge the costs against the defendant . . . ."). The allowable types and amounts of costs are set by statute, *see id.* ch. 102 (West 2006 & Supp. 2016), and no cost may be imposed unless it is "expressly provided by law." *Id.* art. 103.002 (West 2006). Moreover, court costs need not be proven at trial because they are not part of the defendant's guilt or the sentence to be imposed. *See, e.g., Martin v. State*, Nos. 14-14-00761-CR & 14-14-00762-CR, 2015 Tex. App. LEXIS 12414, at *2 (Tex. App.—Houston [14th Dist.] Dec. 8, 2015, no pet.) (mem. op., not designated for publication). "Rather, they are 'nonpunitive recoupment of the costs of judicial resources expended in connection with

the trial of the case.'" *Id.* (quoting *Weir v. State*, 278 S.W.3d 364, 365-66 (Tex. Crim. App. 2009)).

Here, appellant was ordered to pay $434 in court costs. On appeal, appellant seeks to delete the assessment of court costs because the imposition of such costs violates his equal-protection rights, especially because the Texas Supreme Court has held "[i]t is an abuse of discretion for any judge, including a family law judge, to order costs in spite of an uncontested affidavit of indigence." *Campbell*, 487 S.W.3d at 152. More specifically, appellant asserts that "[t]he various statutes under which court costs were assessed in this case are unconstitutional as applied to [appellant] because similarly situated indigent civil litigants are not required to pay court costs and no rational basis exists for treating indigent criminal defendants and indigent civil litigants differently."

In determining the constitutionality of a statute, we begin with the presumption that it is valid and that the legislature did not act arbitrarily or unreasonably in enacting the statute. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002); *see State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013). The burden of establishing the unconstitutionality of a statute falls on the party seeking to challenge the statute. *Rosseau*, 396 S.W.3d at 557. "The Equal Protection Clause of the Fourteenth Amendment requires that 'all persons similarly situated shall be treated alike' under the law." *Id.* (quoting *Plyler v. Doe*, 457 U.S. 202, 216, 102 S. Ct. 2382, 72 L. Ed. 2d 786 (1982); *Wood v. State*, 18 S.W.3d 642, 651 (Tex. Crim. App. 2000)). "The party challenging a statute on equal

protection grounds bears the burden of showing that the statutory classification is not rationally related to a legitimate state interest, where interests other than fundamental rights or suspect classifications are affected." *Wood*, 18 S.W.3d at 651. It is undisputed that neither fundamental rights nor suspect classifications are implicated in this case; as such, the rational-basis test applies.

Under the rational-basis test, similarly-situated individuals must be treated equally unless there is a rational basis for not doing so. *Aguirre v. State*, 127 S.W.3d 883, 886 (Tex. App.—Austin 2004, no pet.) (citing *Whitworth v. Bynum*, 699 S.W.2d 194 (Tex. 1985); *Mauldin v. State Bd. of Plumbing Exam'rs*, 94 S.W.3d 867, 873 (Tex. App.—Austin 2002, no pet.)). "We will uphold a law creating a classification if there is 'any reasonably conceivable state of facts that could provide a rational basis for the classification.'" *Id.* (quoting *Fed. Commc'ns Comm'n v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313-14, 113 S. Ct. 2096, 124 L. Ed. 2d 211 (1993); *Mauldin*, 94 S.W.3d at 873). "Where there are plausible reasons for legislative action, our inquiry is at an end. *Id.* (citing *Beach Commc'ns*, 508 U.S. at 313-14). "In fact, the party challenging the legislative classification has the burden of negating every conceivable basis which might support it." *Id.* (citing *Beach Commc'ns*, 508 U.S. at 315).

Contrary to appellant's assertion, indigent civil litigants and indigent criminal defendants are not similarly-situated persons. In *Campbell*, the Texas Supreme Court noted that Texas Rule of Civil Procedure 145, which pertains to a civil litigant's ability to

afford to pay costs, "is but one manifestation of the open courts guarantee that 'every person . . . shall have remedy by due course of law.'" 487 S.W.3d at 152 (quoting TEX. CONST. art. 1, § 13). In other words, if not for the provisions of Rule 145, an indigent person, seeking the remedies afforded to non-indigent persons through the civil courts, would be prevented from accessing the courts. *See* TEX. R. CIV. P. 145.

Indigent criminal defendants face no such barrier. In fact, indigent criminal defendants are in court solely because of a criminal charge brought by the State, and court costs are not assessed, unless a conviction is obtained. Furthermore, indigent criminal defendants are afforded a number of advantages that are unavailable to indigent civil litigants, including the right to court-appointed counsel at trial and on the first direct appeal, *see* U.S. CONST. amend VI; *Gideon v. Wainwright*, 372 U.S. 335, 344-45, 83 S. Ct. 792, 797, 9 L. Ed. 2d 799 (1963); the right to experts, *see Ake v. Oklahoma*, 470 U.S. 68, 76-77, 105 S. Ct. 1087, 1092-93, 84 L. Ed. 2d 53 (1985); and the right to a free record on appeal, *see Griffin v. Illinois*, 351 U.S. 12, 18-19, 76 S. Ct. 585, 590-91, 100 L. Ed. 891 (1956). Given the above, we cannot say that indigent criminal defendants are similarly situated as indigent civil litigants.

Additionally, as described in *Weir*, the Court of Criminal Appeals has stated that the statutes "authorizing an assessment of court costs against convicted defendants, was intended by the Legislature as a non-punitive recoupment of the costs of judicial resources expended in connection with the trial of the case." 278 S.W.3d at 365-66

(internal quotations omitted) (citing *People v. Jones*, 223 Ill. 2d 569, 861 N.E.2d 967, 975, 308 Ill. Dec. 402 (Ill. 2006) (noting that unlike a punitive "fine" imposed as part of a convicted defendant's sentence, a "cost" does not punish a defendant, but rather is a collateral consequence of the defendant's conviction that is compensatory in nature); *State v. Kula*, 262 Neb. 787, 635 N.W.2d 252 (Neb. 2001) (stating that "costs" are purely compensatory and not punitive)); *see, e.g., Martin*, 2015 Tex. App. LEXIS 12414, at \*2; *Shead v. State*, Nos. 07-15-00164-CV, 07-15-00165-CV, & 07-15-00166-CV, 2015 Tex. App. LEXIS 8411, at \*7 (Tex. App.—Amarillo Aug. 11, 2015, no pet.) (mem. op.); *Hurst v. State*, No. 04-13-00465-CR, 2014 Tex. App. LEXIS 5645, at \*\*9-10 (Tex. App.—San Antonio May 28, 2014, pet. ref'd) (mem. op., not designated for publication).  Therefore, even if equal protection was a concern, we believe that the non-punitive recoupment of costs associated with the trial of the case constitutes a rational basis for different treatment that advances a valid public purpose and a legitimate governmental interest. *See Ex parte Carson*, 143 Tex. Crim. 498, 159 S.W.2d 126, 127, 130 (1942) (holding that fees which are "neither necessary nor incidental to the trial of a criminal case" are not legitimate court costs that may be assessed against a defendant).  As such, we cannot say that appellant has met his burden in showing that he was denied equal protection of the law through the assessment of court costs upon his conviction. *See Beach Commc'ns*, 508 U.S. at 315; *Rosseau*, 396 S.W.3d at 557; *see also Aguirre*, 127 S.W.3d at 886.  We overrule appellant's second issue.

### III.  CONCLUSION

Based on the foregoing, we modify the trial court's judgment to delete the provision ordering the sentence in this case to run consecutively with the sentence imposed in cause number 2011-2033-C2 and affirm the judgment as modified.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed as modified
Opinion delivered and filed December 7, 2016
Publish
[CR25]

