IN THE
TENTH COURT OF APPEALS
No. 10-16-00029-CR


JOSE MANUEL PEREZ,

                                                    Appellant

 v.

THE STATE OF TEXAS,

                                                    Appellee

From the 77th District Court
Limestone County, Texas
Trial Court No. 13542-A

## MEMORANDUM OPINION

Jose Manuel Perez was convicted of two counts of indecency with a child and two counts of sexual assault of a child. *See* TEX. PENAL CODE ANN. §§ 21.11(a)(1); 22.011(a)(2) (West 2011). He was sentenced to 10 years in prison for each indecency conviction and 20 years in prison for each sexual assault conviction. The sentences were ordered to run concurrently. Because the trial court erred only in assessing cost for Perez's release when Perez was never released from jail, but did not err in admitting extraneous evidence and did not err in assessing the remainder of the costs assessed, the trial court's judgment as

to Count One is modified and affirmed as modified. The trial court's judgments as to Counts Two, Three, and Four are affirmed.

## BACKGROUND

Perez was accused of sexually assaulting his daughter, N.P. When she told friends what her father had done, N.P.'s junior high counselor learned of the accusations and approached N.P. N.P. then talked with the school secretary because they had a good relationship and made an outcry. When N.P.'s sister, J.P. learned of what Perez had done to N.P., she told investigators that Perez had tried to sexually assault her two weeks earlier. The girls' mother, who was also Perez's wife, Maria, did not believe the allegations. On the day N.P. made her outcry, Maria texted Perez to warn him that if he came home, he would be put in jail for what he had done to N.P. Perez fled the State and was apprehended approximately 10 months later in Arizona.

## EXTRANEOUS EVIDENCE

Perez first contends the trial court erred in admitting extraneous offense evidence because, pursuant to Rule 403 of the Texas Rules of Evidence, the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. The State sought to offer the testimony of J.P., N.P.'s older sister, to testify that Perez had attempted to sexually assault her two weeks before N.P.'s outcry when J.P. was seventeen years old. After a hearing outside the presence of the jury, the trial court allowed the testimony.

Generally, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1). However, in the context of a sexual offense against a child, a different rule applies which recognizes that the "special circumstances surrounding the sexual [offense against] a child victim outweigh normal concerns associated with evidence of extraneous acts." *Alvarez v. State*, 491 S.W.3d 362, 367 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (quoting *Jenkins v. State*, 993 S.W.2d 133, 136 (Tex. App.—Tyler 1999, pet. ref'd)). Article 38.37, section 2(b) of the Texas Code of Criminal Procedure allows the admission of extraneous evidence that a defendant has committed a separate offense in the trial of an alleged sexual offense against a child "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37, sec. 2(b) (West 2005). Evidence that is relevant under article 38.37 is, nevertheless, still subject to exclusion under Rule 403 if its probative value is substantially outweighed by a danger of unfair prejudice. TEX. R. EVID. 403; *Walker v. State*, 4 S.W.3d 98, 103 (Tex. App.—Waco 1999, pet. ref'd).

*Preservation*

The State initially argues that this issue is not preserved for our review because, although Perez urged his objection outside the presence of the jury, he did not again object when the evidence was admitted.

Rule 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. . . ." TEX. R. EVID. 403. If an objection is made to evidence outside the presence of the jury, trial counsel is not required to re-urge the objection in front of the jury in order to preserve error. *See* TEX. R. EVID. 103(b) ("When the court hears a party's objections outside the presence of the jury and rules that evidence is admissible, a party need not renew an objection to preserve a claim of error for appeal.").

Here, the State asked for a hearing outside the presence of the jury for the court to determine, pursuant to article 38.37, section 2-a of the Texas Code of Criminal Procedure, whether J.P.'s testimony should be admitted into evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, sec. 2-a (West 2005). Outside the jury's presence, Perez's counsel stated that J.P.'s testimony was "relevant, obviously, but the prejudice will outweigh the probative value…." It is apparent that counsel was objecting to the testimony under Rule 403. At the conclusion of the hearing, the trial court announced admission of the testimony would be allowed.

Because counsel made the objection outside the jury's presence, counsel was not required to renew that objection in order to preserve error, if any, in the admission of J.P.'s testimony. *See* TEX. R. EVID. 103(b); *see also Geuder v. State,* 115 S.W.3d 11, 13-15 (Tex. Crim. App. 2003); *Ethington v. State*, 819 S.W.2d 854, 859 (Tex. Crim. App. 1991). Therefore, error, if any, was preserved.

*Rule 403*

As stated earlier, evidence may be excluded under Rule 403 if the danger of unfair prejudice substantially outweighs the probative value of the evidence. TEX. R. EVID. 403; *Greer v. State*, 436 S.W.3d 1, 9 (Tex. App.—Waco 2014, no pet.). Rule 403 favors admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Allen v. State*, 108 S.W.3d 281, 284 (Tex. Crim. App. 2003); *Jones v. State*, 944 S.W.2d 642, 652-53 (Tex. Crim. App. 1996). In considering a Rule 403 objection, the trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006).

The trial court has broad discretion in conducting a Rule 403 balancing test, and we will not lightly disturb its decision. *Allen*, 108 S.W.3d at 284; *Greer*, 436 S.W.3d at 9. All testimony and physical evidence will likely be prejudicial to one party or the other. *Jones*, 944 S.W.2d at 653. It is only when there exists a clear disparity between the degree

of prejudice of the offered evidence and its probative value that Rule 403 is applicable. *Id*.

*Evidence*

N.P. testified to various sexual assaults by Perez such as the touching of her breasts and vagina, and vaginal and anal intercourse. As a part of his defense, Perez attempted to show that N.P. fabricated theses offenses because Perez had physically disciplined her and had taken away her phone for texting too much. Perez had also attempted to show that N.P. had sexual relations with her boyfriend. N.P.'s mother, Maria, did not believe N.P.'s allegations and remained in touch with Perez after he left the State until Perez was arrested. Although Perez admitted to law enforcement to inappropriately touching N.P., he did not admit to sexual intercourse with N.P. Further, although Maria testified that Perez admitted to having sex with N.P. but without force, Maria disclosed that admission to prosecutors only a week before trial.

J.P. was permitted to testify that about two weeks before N.P.'s outcry of sexual abuse by Perez, Perez entered J.P.'s room at night, woke her up, pleaded with her to have sex with him, and tried to take J.P.'s shorts off of her. J.P. told him no. He pleaded again with her and told her to be quiet. She again said no. Perez then wanted to take J.P.'s phone so she could not call anyone or the police. J.P. would not give him her phone and went to Maria's room to tell her what Perez was doing. By that time, Perez was on the

couch in the living room pretending to be asleep.  The next morning, Maria told J.P. that Perez did not remember doing anything to J.P.

*Conclusion*

Based on our review of the record, the trial court, after balancing the various Rule 403 factors, could have reasonably concluded that the probative value of J.P.'s testimony was not substantially outweighed by the danger of unfair prejudice.  Therefore, the trial court did not abuse its discretion in allowing J.P.'s testimony.  Perez's first issue is overruled.

## COSTS

In his next two issues, Perez asserts that the trial court erred in assessing costs against him because he is indigent and because the statute that authorizes the assessment of costs against indigent criminal defendants is unconstitutional as applied to Perez and violates his right to equal protection.  This Court has discussed these same issues in its opinion, *Martinez v. State*, No. 10-16-00217-CR, 2016 Tex. App. LEXIS 12948, *3 (Tex. App.—Waco Dec. 7, 2016, no pet. h.) (publish).  For the reasons expressed in *Martinez*, Perez's second and third issues are overruled.

Lastly, Perez argues that the trial court erred by twice assessing court costs against Perez under article 102.011(a)(6) of the Texas Code of Criminal Procedure when Perez was never released from custody.  Article 102.011(a)(6) authorizes the assessment of a $5 fee "for commitment or release."  TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(6) (West

2006).  Perez was charged a fee for being committed and a fee for being released.  Perez

asserts he was never released from custody.  The State concedes that the assessment of

the $5 fee for Perez's release is erroneous.  Thus, Perez's fourth issue is sustained, and the

trial court's judgment for Count One in trial court case number 13542-A is modified to

delete the $5 fee for Perez's release.[1]

CONCLUSION

Having overruled Perez's first, second, and third issues, but having sustained

Perez's fourth issue, we modify the trial court's judgment as to Count One and affirm

that judgment as modified and affirm the trial court's judgments as to Count Two, Count

Three, and Count Four.


TOM GRAY
Chief Justice



Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed as modified
Opinion delivered and filed December 21, 2016
Do not publish
[CRPM]

---

[1] No costs were assessed in the judgments for Counts Two, Three, and Four.  *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (West 2006); *Hurlburt v. State*, Nos. 10-15-00400-CR, 10-15-00401-CR, 10-15-00402-CR, 10-15-00403-CR, 2016 Tex. App. Lexis 12676, (Tex. App.—Waco Nov. 30, 2016, no pet. h.) (publish).