

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00231-CR

**DARYL GLEN FERGUSON,**

$\qquad$ **Appellant**

**v.**

**THE STATE OF TEXAS,**

$\qquad$ **Appellee**

**From the 77th District Court**
**Limestone County, Texas**
**Trial Court No. 13672-A**

## MEMORANDUM OPINION

Daryl Glen Ferguson pled guilty without the benefit of a plea bargain to the offense of Hindering Secured Creditors in the amount of more than $1,500 but less than $20,000. *See* TEX. PENAL CODE ANN. § 32.33(d)(4) (West 2011). An adjudication of guilt was deferred, and Ferguson was placed on community supervision for a period of five years. Because the trial court erred in assessing attorney's fees, the trial court's Order of Deferred Adjudication is modified and affirmed as modified.

**ATTORNEY'S FEES**

In his first issue, Ferguson complains that the trial court erred in assessing attorney's fees in the Order of Deferred Adjudication because there was no evidence that Ferguson's finances had undergone a material change since he was determined to be indigent during the underlying proceedings. In the last paragraph in the Order of Deferred Adjudication, the trial court orders Ferguson "TO PAY COURT APPOINTED ATTORNEY'S FEES." No amount was set. The State agrees that the evidence was insufficient to support the assessment of attorney's fees. In accordance with the opinion of the Court of Criminal Appeals in *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010), we agree that the evidence was insufficient and the judgment should be modified to delete this assessment. *See Watkins v. State*, 333 S.W.3d 771, 782 (Tex. App.—Waco 2010, pet. ref'd). Ferguson's first issue is sustained.

**COSTS**

In his next two issues, Ferguson asserts that the trial court erred in assessing costs against him because he is indigent and because the statute that authorizes the assessment of costs against indigent criminal defendants is unconstitutional as applied to Ferguson and violates his right to equal protection. This Court has discussed these same issues in its opinions, *Martinez v. State*, No. 10-16-00217-CR, 2016 Tex. App. LEXIS 12948, *3 (Tex. App.—Waco Dec. 7, 2016, no pet. h.) (publish), and *Perez v. State*, No. 10-16-00029-CR 2016 Tex. App. LEXIS _____, *__ (Tex. App.—Waco Dec. 21, 2016, no pet. h.) (not

designated for publication).  For the reasons expressed in *Martinez*, Ferguson's second and third issues are overruled.

**CONCLUSION**

The evidence was insufficient for the trial court to have assessed attorney's fees, therefore, the Order of Deferred Adjudication is modified to delete the phrase, "AND TO PAY COURT APPOINTED ATTORNEY'S FEES."  Having found no other reversible error, we affirm the trial court's judgment as modified.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed as modified
Opinion delivered and filed December 21, 2016
Do not publish
[CR25]

