

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00045-CR

**RICHARD GARCIA,**

                                                   **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                   **Appellee**

---

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2014-489-C1**

---

## MEMORANDUM OPINION

---

In six issues, appellant, Richard Garcia, challenges his convictions for aggravated assault and violation of a protective order. *See* TEX. PENAL CODE ANN. § 22.02 (West 2011); *see also id.* § 25.07 (West Supp. 2016). We affirm.[1]

---

[1] As this is a memorandum opinion and the parties are familiar with the facts, we only recite those facts necessary to the disposition of the case. *See* TEX. R. APP. P. 47.1, 47.4.

## I. SUFFICIENCY OF THE EVIDENCE

In his first issue, Garcia contends that the evidence is legally insufficient to establish that the protective order was issued at a proceeding that he attended. We disagree.

### A. Applicable Law

In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). This standard enables the fact finder to draw reasonable inferences from the evidence. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. In performing our sufficiency review, we may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953

S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically-correct jury charge does four things: (1) accurately sets out the law; (2) is authorized by the indictment; (3) does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability; and (4) adequately describes the particular offense for which the defendant was tried. *Id.*

The Court of Criminal Appeals has stated that the hypothetically-correct jury charge for a violation of a protective order offense would state the elements of the charged offense as follows: (1) Garcia, (2) in violation of an order issued on the 28th day of November, 2013, by Judge Virgil Bain of the ARNJ of McLennan County, Texas under Article 17.292 of the Texas Code of Criminal Procedure, (3) at a proceeding that Garcia attended, (4) knowingly and intentionally, (5) committed family violence against Joanna Garcia by hitting her with a metal club. *See Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Harvey v. State*, 78 S.W.3d 368, 373 (Tex. Crim. App. 2002) (construing the term "in violation of an order issued under Section 6.504 or Chapter 85, Family Code [or] under Article 17.292, Code of Criminal Procedure" as meaning "in violation of an order that was issued under one of those statutes at a proceeding that the defendant attended or at a hearing held after the defendant received service of the application for a protective order and notice of the hearing"); *see also Morgan v. State*, Nos. 10-10-00367-CR & 10-10-00371-CR, 2011 Tex. App. LEXIS 8133, at **6-7 (Tex. App.—Waco Oct. 12, 2011,

no pet.) (mem. op., not designated for publication). In this issue, Garcia challenges the third element—whether the protective order was issued at a proceeding that he attended.

## B.  Legal Sufficiency

State's Exhibit 36, which is a photocopy of the November 28, 2013 protective order signed by Judge Bain, includes the following language: "This ORDER has been served on Respondent [Garcia] in open court." Moreover, with regard to the process for notifying someone with a protective order against them, Officer John Ray of the Waco Police Department testified that: "The Defendant would be notified the next morning when they're brought before a—a magistrate." Officer Ray agreed that Garcia would have been informed of the protective order before he was allowed to leave the jail. Officer Ray later noted that Garcia indicated that he was aware of the protective order, which ordered him to stay away from Joanna.

Based on the foregoing, we conclude that the factfinder could have reasonably concluded that the protective order was issued at a proceeding Garcia attended and that Garcia had notice of the protective order. *See Villarreal*, 286 S.W.3d at 327; *Harvey*, 78 S.W.3d at 373; *see also Lincecum v. State*, 2016 Tex. App. LEXIS 3527, at **7-8 (Tex. App.—El Paso Apr. 6, 2016, no pet.) (mem. op., not designated for publication) ("Second, the protective order itself, which was admitted into evidence without objection, contains recitations from which the trial court could have reasonably inferred Appellant was served with notice. The protective order recites that the court, in considering Eloisa's

application for protective order, found 'that all necessary prerequisites of the law have been satisfied and that this Court has jurisdiction over the parties and subject matter of this case.' A recital in a protective order that the court had jurisdiction over the parties is evidence the protective order was issued after notice and hearing as required by the Family Code." (internal citations omitted)); *Morgan*, 2011 Tex. App. LEXIS 8133, at **6-7; *Dillard v. State*, No. 05-00-01745-CR, 2002 Tex. App. LEXIS 9151, at **8-9, **14-16 (Tex. App.—Waco Dec. 20, 2002, no pet.) (mem. op., not designated for publication) (concluding the recital of jurisdiction in the protective order is sufficient to demonstrate that the protective order was valid and issued after notice and a hearing). Accordingly, viewing the evidence in the light most favorable to the jury's verdict, we hold that the evidence is sufficient to support Garcia's conviction for violation of the protective order. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 895; *Clayton*, 235 S.W.3d at 778; *Hooper*, 214 S.W.3d at 16-17. We overrule Garcia's first issue.

## C. Factual Sufficiency

In his second and third issues, Garcia asserts that the evidence is factually insufficient to prove that the protective order was issued at a proceeding that he attended and that he used a metal pipe or that a metal pipe caused the victim's injuries. The Court of Criminal Appeals has determined that factual sufficiency no longer applies in criminal cases. *See Brooks v. State*, 323 S.W.3d 893, 902, 912 (Tex. Crim. App. 2010) (plurality op.) (concluding that there is "no meaningful distinction between the *Jackson v. Virginia* legal

sufficiency standard and the . . . factual-sufficiency standard, and these two standards have become indistinguishable" and holding the following: "As the Court with final appellate jurisdiction in this State, we decide that the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. All other cases to the contrary, including *Clewis*, are overruled."); *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *see also Sanders v. State*, No. 10-14-00211-CR, 2015 Tex. App. LEXIS 4704, at *2 (Tex. App.—May 7, 2015, pet. ref'd) (mem. op., not designated for publication). Garcia does not argue that the evidence regarding the metal pipe was legally insufficient, thus conceding that the evidence is sufficient under the *Jackson v. Virginia* standard of review. *See, e.g., Sanders*, 2015 Tex. App. LEXIS 4704, at *2 ("By asking this Court to only review the factual sufficiency of the evidence, Sanders concedes the evidence is sufficient under the *Jackson* standard of review."). Moreover, in Garcia's first issue, we have already concluded that the evidence is legally sufficient to establish that the protective order was issued at a proceeding that he attended. Accordingly, we overrule Garcia's second and third issues.[2]

---

[2] Though recognizing that the *Brooks* Court concluded that the *Jackson v. Virginia* legal-sufficiency standard and the factual-sufficiency standard have become "indistinguishable," Garcia argues that this Court should revive factual-sufficiency review because of various constitutional and statutory authorities. In support of his contention, Garcia relies heavily on the *Walker* case that the Court of Criminal Appeals granted discretionary review of on October 14, 2015, a few months after Garcia filed his appellant's brief in this case. *See generally Walker v. State*, Nos. PD-1429-14, PD-1430-14, 2016 Tex. Crim. App. Unpub. LEXIS 973 (Tex. Crim. App. Oct. 19, 2016). Garcia noted that one of the issues in *Walker* was as follows: "The Court of Appeals erred in finding legally sufficient evidence in this case, and allows this Court to reexamine

## II.  The Jury Charge

In his fourth issue, Garcia argues that the trial court failed to properly instruct the jury regarding the offense of violating a protective order.  Garcia first contends that the trial court defined the terms "intentionally" and "knowingly" as though violating a protective order is result-oriented only.  Garcia asserts that the offense also includes a circumstances-oriented component—namely, whether he had notice of the protective order because it was issued at a proceeding he attended.  Next, Garcia contends that the charge wholly failed to instruct the jurors regarding an element of the offense—whether the protective order was issued at a proceeding he attended.

### A.  Applicable Law

In reviewing a jury-charge issue, an appellate court's first duty is to determine whether error exists in the jury charge.  *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996).  If error is found, the appellate court must analyze that error for harm.  *Middleton v. State*, 125 S.W.3d 450, 453-54 (Tex. Crim. App. 2003).  If an error was properly preserved by objection, reversal will be necessary if the error is not harmless.  *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).  Conversely, if error was not preserved at trial by a proper objection, as was the case here, a reversal will be granted only if the

---

the issue of factually sufficient evidence from *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010)."  However, on October 19, 2016, the Court of Criminal Appeals issued its opinion in *Walker* and specifically noted, "[b]ecause we hold that appellants' second ground for review is dispositive in resolving their sufficiency challenges, we do not consider their first ground for review, in which they urge this Court to overrule *Brooks* and reinstate the law of factual sufficiency."  *Id.* at *5 n.1.

error presents egregious harm, meaning appellant did not receive a fair and impartial trial. *Id.* To obtain a reversal for jury-charge error, appellant must have suffered actual harm and not just merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012); *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

Section 25.07 of the Penal Code establishes the offense of violation of a protective order as follows, in relevant part:

> (a) A person commits an offense if, in violation of . . . an order issued under Article 17.292, Code of Criminal Procedure . . . the person knowingly or intentionally:
>
>> (1) commits family violence . . . .

TEX. PENAL CODE ANN. § 25.07(a).

Family violence is defined in section 71.004 of the Texas Family Code as:

> [A]n act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself . . . .

TEX. FAM. CODE ANN. § 71.004(1) (West Supp. 2016).

## B.     Culpable Mental State

First, Garcia asserts that the charge improperly defined "intentionally" and "knowingly" only with respect to the result of his conduct, rather than with respect to the circumstances surrounding his conduct. Here, the abstract portion of the jury charge pertaining to violating a protective order provided the following:

A person commits an offense when he intentionally or knowingly violates a Magistrate's Order for emergency protection issues [sic] under Article 17.292, Code of Criminal Procedure, and the person intentionally or knowingly commits an act of family violence.

Family violence means an act by a member of a family against another member of the family that is intended to result in physical harm, bodily injury, assault or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury or sexual assault, but does not include defensive measures to protect oneself.

. . . .

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

Additionally, the application portion of the charge provided the following, in

relevant part:

As to the charge of Aggravated Assault, Count 1 and Violation of Protective Order, Count II, alleged in the indictment, the State has the burden of proof. The State must prove each of the elements of the charged offenses beyond a reasonable doubt. The elements are set out below for each count. If each of you believes the State has proved each and every element, of any count, beyond a reasonable doubt, you are required to return a verdict of guilty as to that individual count.

If you believe the State has failed to prove one or more elements of any count listed, or if you have a reasonable doubt as to the Defendant's guilt of any count, then you will find the Defendant not guilty of the offense charged in that individual count.

. . . .

ELEMENTS—COUNT II

1. On or about the 1st day of January, 2014;

2. in McLennan County, Texas;

3. RICHARD GARCIA;

4. did then and there intentionally and knowingly;

5. violate the terms of an order issued by Virgil Bain of the ARNJ of McLennan County, Texas, on the 28th day of November, 2013; under authority of Article 17.292 of the Texas Code of Criminal Procedure,

6. by intentionally and knowingly committing family violence against JOANNA GARCIA, to wit: hitting the said JOANNA GARCIA with a metal club.

Several Texas courts have concluded that the gravamen of section 25.07 is the "result," rather than the "nature" of the actor's conduct. *See Harvey*, 78 S.W.3d at 368-69 ("A person commits the offense of violation of protective order if, in violation of an order issued under [one of the certain provisions of the Family Code or Code of Criminal Procedure], the person knowingly or intentionally commits family violence or performs another prohibited act." (internal quotations omitted)); *Avilez v. State*, 333 S.W.3d 661, 670 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) ("A conviction for violation of a protective order requires proof of a protective order issued under Chapter 85 of the Family Code and proof that the defendant (1) one time, (2) intentionally or knowingly violated that order, (3) by committing family violence or another specified action, by communicating with or threatening a protected person, or by going to or near the home

or workplace of a protected person."); *see also Torres v. State*, No. 08-11-00151-CR, 2012 Tex. App. LEXIS 10055, at * 19 (Tex. App.—El Paso Dec. 5, 2012, pet. ref'd) (mem. op., not designated for publication) ("We conclude that the gravamen of Section 25.07 is the 'result' rather than the 'nature' of Torres's conduct."). We therefore cannot say that it was error for the charge to include result-oriented instructions with regard to the "intentionally" and "knowingly" culpable mental states.

In any event, Garcia urges that the second component of the offense focuses on the circumstances surrounding the offense. This assertion is contrary to the *Harvey*, *Avilez*, and *Torres* decisions. Additionally, neither of the cases cited by Garcia directly support his position. *See Hughes v. State*, 897 S.W.2d 285, 295 (Tex. Crim. App. 1994); *see also Sterling v. State*, 01-99-00377-CR, 2000 Tex. App. LEXIS 3621 (Tex. App.—Houston [1st Dist.] June 1, 2000, no pet.) (not designated for publication). And furthermore, the language contained in the application portion of the jury charge pertaining to violating a protective order substantially tracks section 25.07 of the Penal Code, which is the operative statute in this case, and effectively restricts the jury's deliberations to the allegations in the indictment. *See* TEX. PENAL CODE ANN. § 25.07; *Plata v. State*, 926 S.W.2d 300, 302-03 (Tex. Crim. App. 1996), *overruled on other grounds by Malik*, 953 S.W.2d at 234 (holding that the inclusion of merely superfluous abstraction never produces reversible error in the court's charge because it has no effect on the jury's ability to implement fairly and accurately the commands of the application paragraph or paragraphs); *Grady v. State*,

614 S.W.2d 830, 831 (Tex. Crim. App. 1981) ("[T]his Court held that abstract statements of the law that go beyond the allegations in the indictment will not present reversible error when the court's application of the law to the facts effectively restricts the jury's deliberations to the allegations in the indictment." (citing *Toler v. State*, 546 S.W.2d 290, 293-94 (Tex. Crim. App. 1977))); *see also Riddle v. State*, 888 S.W.2d 1, 8 (Tex. Crim. App. 1994) ("A jury charge which tracks the language of a particular statute is a proper charge on a statutory issue.").

## C.    Charge Instructions on the Elements of Section 25.07

While the specific language of section 25.07 does not require a finding that Garcia attended the hearing on the November 28, 2013 protective order, this element in some form is required to be included in the application paragraph of the jury charge. *See Harvey*, 78 S.W.3d at 372-73; *see also Morgan*, 2011 Tex. App. LEXIS 8133, at *7. As shown above, the application paragraph of the charge did not include language regarding Garcia's attendance at the hearing on the November 28, 2013 protective order. The failure to include this instruction is error. *See Harvey*, 78 S.W.3d at 372-73; *see also Morgan*, 2011 Tex. App. LEXIS 8133, at **7-8. In light of this error, we must now determine whether Garcia was egregiously harmed.

In determining whether charge error has resulted in egregious harm, we consider: (1) the entire jury charge; (2) the state of the evidence, including the contested issues and the weight of the probative evidence; (3) the final arguments of the parties; and (4) any

other relevant information revealed by the trial court as a whole. *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008). Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

### 1.     The Entire Jury Charge

Above, we addressed Garcia's complaints about the jury charge, concluding that the instructions for the culpable mental states were not erroneous, but that the trial court erred in not including an instruction regarding Garcia's attendance at the hearing on the November 28, 2013 protective order. Other than these two complaints, Garcia does not allege additional errors in the charge. Accordingly, we now turn to the remaining factors to determine whether the error in failing to include an instruction regarding Garcia's attendance at the hearing on the November 28, 2013 protective order prejudiced the jury's consideration of the evidence or substantially affected their deliberations. *See Bagheri v. State*, 119 S.W.3d 755, 763 (Tex. Crim. App. 2003).

### 2.     The State of the Evidence

Here, the State offered Exhibit 36, which was the November 28, 2013 protective order. As noted earlier, the November 28, 2013 protective order included language that the order was served on Garcia in open court, thus negating any possible argument that Garcia did not have notice of the protective order. Additionally, Officer Ray testified that

that Garcia indicated that he was aware of the protective order, which ordered him to stay away from Joanna. Given this evidence, we cannot say that this factor weighs in favor of finding egregious harm.

### 3. Closing Arguments

At trial, Garcia did not assert lack of knowledge of the November 28, 2013 protective order as a defensive theory. Instead, Garcia urged lesser-included instructions on deadly-weapon and serious-bodily-injury grounds. During closing arguments, the State asserted that there was "zero doubt" that Garcia was guilty of violating the November 28, 2013 protective order. Garcia argued that the State did not prove beyond a reasonable doubt that he committed the offense of causing serious bodily injury to Joanna by hitting her with a metal club during the incident. In other words, there was no dispute at trial as to Garcia's attendance at the hearing on the November 28, 2013 protective order. Based on our review of the record, we cannot say that this factor weighs in favor of finding egregious harm.

### 4. Other Relevant Information

Other than repeating arguments made under the aforementioned factors of this analysis, Garcia does not direct us to any other compelling or relevant factors present in the record. Once again, we cannot say that this factor weighs in favor of finding egregious harm.

**5.** **Summary**

Based on the foregoing, we conclude that the failure of the trial court to include an instruction in the charge regarding Garcia's attendance at the hearing on the November 28, 2013 protective order was harmless. *See Almanza*, 686 S.W.2d at 171; *see also Stuhler*, 218 S.W.3d at 719; *Sanchez*, 209 S.W.3d at 121. Accordingly, we overrule Garcia's fourth issue.

## III. COURT COSTS

In his fifth and sixth issues, Garcia asserts that the trial court erred in assessing court costs against him. First, Garcia argues that he should not have to pay court costs because he is indigent. Garcia also argues that the statutes authorizing the assessment of court costs against indigent criminal defendants are unconstitutional as applied to him and violate his right to equal protection because court costs are not assessed against indigent civil parties. *See, e.g., Campbell v. Wilder*, 487 S.W.3d 146, 152 (Tex. 2016) ("It is an abuse of discretion for any judge, including a family law judge, to order costs in spite of an uncontested affidavit of indigence.").

On December 7, 2016, this Court recently overruled substantially-similar arguments pertaining to the imposition of court costs for indigent criminal defendants. *See, e.g., Martinez v. State*, No. 10-16-00217-CR, ___ S.W.3d.___, 2016 Tex. App. LEXIS 12948, at **3-7 (Tex. App.—Waco Dec. 7, 2016, no pet. h.). In light of our decision in

*Martinez*, we are not persuaded by Garcia's arguments regarding court costs. *See id.*

Accordingly, we overrule Garcia's fifth and sixth issues.

### IV.  CONCLUSION

Having overruled all of Garcia's issues on appeal, we affirm the judgments of the

trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
(Chief Justice Gray concurring with a note)*
Affirmed
Opinion delivered and filed January 11, 2017
Do not publish
[CRPM]

*(Chief Justice Gray concurs in the judgment of the Court to the extent it affirms the trial court's judgment, but does not join the opinion.  A separate opinion will not issue.)

