

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JUAN MERCED KETCHUM, | § | No. 08-22-00114-CR |
| Appellant, | § | Appeal from the |
| v. | § | 441st Judicial District Court |
| THE STATE OF TEXAS, | § | of Midland County, Texas |
| Appellee. | § | (TC# CR56387) |

## MEMORANDUM OPINION

A jury convicted Appellant Juan Merced Ketchum of failure to comply with the requirements for sex-offender registration and assessed a two years and six months prison sentence. In his sole issue, Appellant argues that the trial court erred by assessing court costs and attorney's fees in the judgment because he was found to be indigent throughout the trial and there was no evidence of a material change in his financial circumstances. For the reasons explained below, we delete imposing the attorney's fees from the judgment and affirm the judgment in all other respects.[1]

## I. PROCEDURAL BACKGROUND

---

[1] This case was transferred from our sister court in Eastland, and we decide it in accordance with the precedent of that court to the extent required by TEX.R.APP.P. 41.3.

The State charged Appellant by indictment with failure to comply with the requirements of sex-offender registration. *See* TEX.CODE CRIM.PROC.ANN. art. 62.102 (a),(b)(2). Appellant subsequently completed an affidavit of indigence and the trial court appointed an attorney to represent him.[2] Following a jury trial, the jury found Appellant guilty of the charged offense and assessed punishment of two years and six months imprisonment. In its judgment, the trial court ordered Appellant to pay "all court costs, fines, fees, assessments and restitution," and the clerk issued a bill of costs that included $290.00 in court costs and $6,940.00 in appointed attorney's fees. After Appellant filed a notice of appeal and a request for preparing the clerk's record in forma pauperis, the trial court appointed appellate counsel to represent Appellant and ordered the District Clerk to prepare the clerk's record in forma pauperis. This appeal follows.

## II. DISCUSSION

In his sole issue, Appellant argues that the trial court erred by imposing attorney's fees and court costs because the trial court had found him indigent and there is no evidence of a material change in his financial circumstances that would rebut the presumption of his continued indigence throughout the trial. Because we reach different conclusions about the imposition of attorney's fees and court costs, we discuss the matters separately.[3]

### A. Attorney's Fees

A challenge to the sufficiency of the evidence supporting an order directing a defendant to reimburse the amount of court-appointed attorney's fees is reviewable on direct appeal in a

---

[2] Although an express order appointing Appellant's trial counsel and finding Appellant indigent does not appear in the appellate record, the trial court's order to prepare the clerk's record states that the court "ha[d] previously found [Appellant] to be indigent and entitled to court appointed counsel." The State does not contest that Appellant was found indigent and had counsel appointed to represent him in the trial court.

[3] Although the trial court also imposed $60.00 in sheriff's fees, Appellant does not specifically argue that the court erred by doing so. Thus, we only consider whether the court erred by imposing attorney's fees and court costs.

criminal case. *See Jimenez v. State*, No. 08-21-00079-CR, 2022 WL 2826943, at \*2-3 (Tex.App.--El Paso July 20, 2022, no pet.) (mem. op., not designated for publication), *citing Armstrong v. State*, 340 S.W.3d 759, 767 (Tex.Crim.App. 2011). In conducting this review, we read the record in the light most favorable to the judgment. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex.Crim.App. 2010).

When applicable, TEX.CODE CRIM.PROC.ANN. art. 1.051(c) and (d) require the appointment of counsel for an indigent defendant. *Jimenez*, 2022 WL 2826943, at \*2. Following a conviction, a defendant may have to repay the cost of appointed counsel, but only as provided by TEX.CODE CRIM.PROC.ANN. art. 26.05(g):

> If the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided to the defendant in accordance with Article 1.051(c) or (d), including any expenses and costs, the judge shall order the defendant to pay during the pendency of the charges or, if convicted, as a reimbursement fee the amount that the judge finds the defendant is able to pay. The defendant may not be ordered to pay an amount that exceeds . . . the actual costs, including any expenses and costs, paid by the county for the legal services provided by an appointed attorney.

Once a defendant has been found to be indigent, he is presumed indigent for the rest of the proceedings unless there is a showing of a material change in his financial circumstances. *Id*. art. 26.04(p).

The trial court imposed $6,940.00 in attorney's fees in its judgment. Appellant argues that no evidence in the record shows that there was a material change in Appellant's financial circumstances after the court found Appellant indigent. The State concedes that because there has been no showing of a material change in Appellant's financial circumstances, the trial court could not impose the assessment of attorney's fees against Appellant. Because there is no evidence that Appellant's financial circumstances had materially changed when the trial court ordered him to

pay attorney's fees, we conclude that the trial court erred by imposing attorney's fees. *See id.* art. 26.04(p); *Jimenez*, 2022 WL 2826943, at *5.

This part of Appellant's Issue One is sustained.

**B. Court Costs**

Appellant also challenges the trial court's imposition of $290.00 in court costs. The imposition of court costs is governed by TEX.CODE CRIM.PROC.ANN. art. 42.16: "If the punishment is any other than a fine, the judgment shall specify it, and order it enforced by the proper process. It shall also adjudge the costs against the defendant, and order the collection thereof as in other cases." Thus, upon the defendant's conviction, the imposition of court costs is mandatory. *Martinez v. State*, 507 S.W.3d 914, 916 (Tex.App.--Waco 2016, no pet.). The costs and fee schedules are provided for in Chapter 102 of the Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC.ANN. art. 102.001-102.030. No cost can be imposed unless it is "expressly provided by law." *Martinez*, 507 S.W.3d at 916, *quoting* TEX.CODE CRIM.PROC.ANN. art. 103.002. Court costs need not be proven at trial because they are not a part of the defendant's guilt or the sentence to be imposed. *Id.*, *citing Martin v. State*, Nos. 14-14-00761-CR, 14-14-00762-CR, 2015 WL 8215342, at *1 (Tex.App.--Houston [14th Dist.] Dec. 8, 2015, no pet.) (mem. op., not designated for publication). Rather, they are a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Weir v. State*, 278 S.W.3d 364, 365-66 (Tex.Crim.App. 2009) [Internal quotation marks omitted]. And because they are not part of the sentence, "[c]ourt costs, as reflected in a certified bill of costs, need neither be orally pronounced nor incorporated by reference in the judgment to be effective." *Armstrong*, 340 S.W.3d at 766.

Our research has uncovered no authority precluding the imposition of court costs on indigent defendants. Rather, appellate courts have upheld imposing court costs on indigent

4

defendants. *See, e.g.*, *Dority v. State*, 631 S.W.3d 779, 793 (Tex.App.--Eastland 2021, no pet.) (recognizing that mandatory court costs can be recovered from an indigent defendant); *Allen v. State*, 426 S.W.3d 253, 259 (Tex.App.--Texarkana 2013, no pet.) (holding that a trial court can order indigent defendant to pay mandatory court costs as long as payment is not demanded before proceedings in the trial court have concluded, and collecting supporting cases); *Williams v. State*, 332 S.W.3d 694, 700 (Tex.App.--Amarillo 2011, pet. ref'd) (upholding imposing court costs on an indigent defendant). And the Waco court of appeals has held that the imposition of mandatory court costs on indigent defendants does not violate the constitutional right to equal protection. *Martinez*, 507 S.W.3d at 917-18. Because nothing prohibits imposing court costs on an indigent defendant, and because Appellant directs us to no statute or other authority prohibiting the imposition of court costs on an indigent defendant, we conclude that the trial court did not err by doing so.

This part of Appellant's Issue One is overruled.

## III. CONCLUSION

We modify the trial court's judgment to delete the imposition of $6,940.00 in attorney's fees, and we affirm the judgment as modified.

JEFF ALLEY, Justice

November 8, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)

5