

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00736-CR

Robert Chester **ADAMS**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 83rd Judicial District Court, Val Verde County, Texas
Trial Court No. 2023-0160-CR
Honorable Robert E. Cadena, Judge Presiding

Opinion by:    H. Todd McCray, Justice

Sitting:    Lori I. Valenzuela, Justice
Lori Massey Brissette, Justice
H. Todd McCray, Justice

Delivered and Filed: September 17, 2025

AFFIRMED

Two related matters are before the court: (1) Appellant Robert Chester Adams, Jr.'s Motion to Correct Court Costs, challenging the bill of costs issued following an order of deferred adjudication; and (2) his direct appeal from the judgment adjudicating guilt and revoking community supervision, in which he challenges a second bill of costs. Because the challenged costs overlap, we address both matters together. We conclude that multiple items were improperly

included in the bills of costs. We therefore grant the motion, modify the bills of costs and affirm the judgment of the trial court.

## BACKGROUND

On April 1, 2024, the trial court deferred adjudication and placed Adams on community supervision following his plea of guilty to sexual assault of a child. The district clerk subsequently issued a bill of costs related to the proceeding (first bill), which included:

- $5 sex offender fine
- $100 child abuse prevention fine
- $1,500 general fine
- $850 reimbursement for court-appointed attorney fees.

While the general fine was orally pronounced during the plea hearing, the other fines were not mentioned. The court made no finding of Adams' ability to pay, and the record reflects that Adams had previously been found indigent and provided with appointed counsel.

On November 1, 2024, on the State's motion, the trial court revoked supervision, adjudicated guilt and sentenced Adams to twenty years imprisonment. Following this judgment, the clerk issued another bill of costs (second bill), which incorporated the items from the first bill and added:

- $750 reimbursement for court-appointed attorney fees relevant to the revocation proceeding
- $5 statewide e-filing fee.

The court made no mention of costs during the revocation proceeding and made no finding regarding Adams' ability to pay.

Adams timely appealed the costs associated with adjudication as assessed in the second bill and separately moved this court to correct the first bill. We have jurisdiction over the direct appeal under TEX. CODE CRIM. P. art 44.02 and TEX. R. APP. P. 25.2. *See London v. State*, 490 S.W.3d

503, 507 (Tex. Crim. App. 2016) (explaining claims of error related to the assessment of fees and court costs may be raised for the first time on appeal). And because the appeal is pending in this court and the motion has been presented within one year from the date of the deferred adjudication judgment, we also have jurisdiction to address the motion to correct costs assessed in the first bill. *See* TEX. CODE CRIM. P. art. 103.008(a); *Perez v. State*, 424 S.W.3d 81, 87 (Tex. Crim. App. 2014) (Alcala, J., concurring) (noting appellant who does not directly appeal costs assessed in deferred adjudication judgment could file a motion in the court of appeals within a year of the final disposition of the case).

## DISCUSSION

A. FINES

Because fines are punitive in nature, they are considered part of the sentence and not court costs. *Armstrong v. State*, 340 S.W.3d 759, 679 (Tex. Crim. App. 2011). As part of the sentence, they must be orally pronounced in the defendant's presence. *Id.*; *Jones v. State*, 691 S.W.3d 671, 679 (Tex. App.—Houston [14th Dist.] 2024, pet. ref'd). The record in this case shows that the only fine orally pronounced at either the plea proceeding or the revocation proceeding was the $1,500 general fine assessed on the first bill and carried over on the second bill. Therefore, because the $5 sex offender fine and the $100 child abuse prevention fine were not orally pronounced, they were not part of the sentence and should not have been included as fines on either bill of costs. *See id.*

Furthermore, while the $1,500 general fine was pronounced at the plea proceeding and reflected in the order deferring adjudication, it was not pronounced at the revocation proceeding and it does not appear on the order adjudicating guilt. In this situation, the pronouncements made during the revocation proceeding control. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim.

App. 2004). In *Taylor*, the Court of Criminal Appeals held that when deferred adjudication community supervision is revoked and guilt is adjudicated, the order adjudicating guilt sets aside the deferred adjudication order, including any previously imposed fines. *Id.*; *Reyes-Brown v. State*, No. 04-22-00440-CR, 2024 WL 2741301, at *1 (Tex. App.—San Antonio May 29, 2024, no pet.) (mem. op., not designated for publication). Because the trial court did not orally assess a fine as part of Adams' sentence when his guilt was adjudicated, the $1,500 fine was effectively rescinded and should no longer be included on the bills of costs. *See id.*

### B. ATTORNEY'S FEES

Once a criminal defendant has been determined to be indigent, he "is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013) (citing Tex. Code Crim. Proc. art. 26.04(p)). Reimbursement for court-appointed counsel may only be assessed if the trial court makes a finding that a formerly indigent defendant has the financial resources to pay for representation. *Id.* at 251; *Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013); *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010) (all citing TEX. CODE CRIM. P. art 26.05(g)). Absent such a finding or other evidence in the record indicating a change in financial condition, the evidence is insufficient to support the imposition of attorney's fees. *See id.*

In this case, Adams was found to be indigent. In fact, based upon Adams' financial affidavits, the court appointed counsel on his behalf three times over the course of these proceedings. There is nothing in the record to indicate that the trial court made any subsequent findings regarding his ability to pay, and there is nothing to indicate a material change in financial circumstances. Accordingly, reimbursement for attorney's fees should not be included in the bills

of costs. *See id.*; *Zapata v. State*, 449 S.W.3d 220, 229–30 (Tex. App.—San Antonio 2014, no pet.).

C. STATE-WIDE FILING FEE

The imposition of court costs is mandatory under Article 42.16 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 42.16; *Martinez v. State*, 507 S.W.3d 914, 916 (Tex. App.—Waco 2016, no pet.). However, the court may only impose those costs that are statutorily authorized. *See Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). The e-filing fee included in the second bill of costs was formerly authorized by the Texas Government Code, which provided for a $5 e-filing fee as a court cost upon conviction of any criminal offense in a district court, county court or statutory county court. *See* Act of May 16, 2013, 83d Leg., R.S., ch. 1290, § 2, sec. 51.851(d), 2013 Tex. Gen. Laws 3270, 3271 (repealed 2019). However, the legislature repealed that portion of section 51.851 in 2019 as part of the Cost Act. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, 2019 Tex. Gen. Laws 3282 § 1.19 (2019) (codified at TEX. GOV'T CODE § 51.851). Because there is no statutory authority to assess such a fee, the fee should not be included on the second bill of costs. *See Lee v. State*, No. 10-18-00334-CR, 2022 WL 17978917 at *2 (Tex. App.—Waco December 28, 2022, no pet.) (mem. op., not designated for publication).

## CONCLUSION

An intermediate appellate court has authority to "modify a bill of costs independent of finding an error in the trial court's judgment." *Pruitt v. State*, 646 S.W.3d 879, 883 (Tex. App.—Amarillo 2022, no pet.) (modifying bill of costs by removing erroneous fees); *see also Jones v. State*, 691 S.W.3d 671, 679 (Tex. App.—Houston [14th Dist.] 2024, pet. ref'd) (deleting fine from bill of costs); *Bryant v. State*, 642 S.W.3d 847, 850 (Tex. App.—Waco 2021, no pet.) (modifying the bill of costs to remove time-payment fee). Accordingly, we grant Adams' Motion to Correct

Court Costs and sustain his issues on appeal to the extent discussed. We order the district clerk to prepare an amended bill of costs for both the deferred adjudication and the adjudication proceedings, deleting the $5 sex offender fine, the $100 child abuse prevention fine, the $1,500 general fine, the $850 attorney's fee reimbursement, the $750 attorney's fee reimbursement, and the $5 state-wide e-filing fee.

The judgment adjudicating guilt is affirmed.

H. Todd McCray, Justice

DO NOT PUBLISH