**Opinion filed July 19, 2018**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-16-00217-CR & 11-16-00218-CR

_____

## SEAN RYAN BREE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 220th District Court**

**Comanche County, Texas**

**Trial Court Cause Nos. CR-03933 and CR-03934**

### M E M O R A N D U M   O P I N I O N

After a bench trial, the trial court convicted Sean Ryan Bree of escape and tampering with or fabricating physical evidence. The trial court assessed his punishment at confinement for twenty-five years in the Institutional Division of the Texas Department of Criminal Justice for each offense and ordered that the sentences run concurrently. The trial court also ordered Appellant to pay court costs in the amount of $278 for each conviction. In five issues on appeal, Appellant contends that (1) the trial court erred in admitting a hearsay statement in violation of Appellant's Sixth Amendment right to confrontation, (2) the trial court erred in

assessing court costs because Appellant is indigent, (3) the statutes authorizing court costs are unconstitutional as applied to Appellant, (4) the trial court erred in assessing court costs against Appellant for EMS services, and (5) the trial court erred in assessing court costs twice. We modify and affirm.

*Background Facts*

On February 8, 2015, Department of Public Safety Trooper Mitchell Best conducted a traffic stop of a vehicle that was speeding on Highway 36 in Comanche County. The driver of the vehicle was Tacorya Robinson. Appellant was her passenger.

Robinson exited her vehicle, and Trooper Best had her sit in his patrol car so that he could interview her. During the interview, Robinson gave Trooper Best consent to search the vehicle. Trooper Best approached Appellant, asked him who he was, and asked him to step out of the vehicle. Trooper Best then searched the vehicle and found a "plastic baggy" inside of a "cigarette pack," which contained what appeared to be methamphetamine.

Trooper Best placed the items in the front seat of the vehicle, placed Appellant and Robinson in handcuffs, and gave them both *Miranda* warnings.[1] He then placed Robinson in the front seat of the patrol car. Appellant remained in the ditch on his knees.

At some point, Trooper Best turned his back on Appellant to retrieve gloves from his patrol car. When the trooper did so, Appellant "jumped in the [vehicle], grabbed the evidence[,] and took off running." Trooper Best apprehended Appellant when Appellant attempted to run through a field injected with liquid cow manure and fell.

Trooper Best brought Appellant back to the vehicle, where he noticed that the cigarette pack containing the alleged methamphetamine was missing. Trooper Best

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

2

and other DPS troopers conducted a search of the area, but they did not recover the evidence.

*Analysis*

In his first issue, Appellant contends that the trial court abused its discretion in admitting Robinson's statement on a video recording consenting to the search of the vehicle because it violated his Sixth Amendment right to confrontation. In response, the State contends that Appellant failed to preserve this issue because his objection at trial was untimely. In order to preserve a complaint for appellate review, a party must present the trial court with a timely request, objection, or motion stating the specific grounds for the desired ruling, if those grounds are not apparent from the context, and must obtain a ruling. TEX. R. APP. P. 33.1(a); *Moore v. State*, 371 S.W.3d 221, 225 (Tex. Crim. App. 2012); *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009). Preservation is a "systemic requirement" on appeal. *Ford*, 305 S.W.3d at 532.

Trooper Best testified that he interviewed Robinson in his patrol car and that, in addition to discussing a number of topics with Trooper Best, she consented to the search of the vehicle. Trooper Best then went on to testify regarding the search of the vehicle and the items he found. At this point, Appellant objected, stating that "the search based on hearsay is not any good." The trial court sustained Appellant's hearsay objection. Later, the State offered a video recording of the traffic stop. Appellant objected to the recording on the grounds that it contained hearsay statements from Robinson and, for the first time, asserted that those statements violated his Sixth Amendment right to confrontation. The trial court overruled all of Appellant's objections to Robinson's statement on the recording consenting to the search of the vehicle, but sustained the hearsay objections to the remainder of Robinson's statements.

The State contends that Appellant failed to timely preserve error because he did not object on Sixth Amendment grounds until well after Trooper Best testified regarding Robinson's statement giving consent to search the vehicle. We disagree. The complaint that Appellant is asserting on appeal is the ruling on his objection under the Confrontation Clause to the admission of Robinson's statement. Appellant did not object under the Confrontation Clause to Trooper Best's testimony. However, there was no violation of the Confrontation Clause with respect to Trooper Best's testimony about what Robinson told him because Trooper Best was the "witness against" Appellant for the statements and Appellant was able to confront and cross-examine him. *See Langham v. State*, 305 S.W.3d 568, 576–77 (Tex. Crim. App. 2010) (citing *Tennessee v. Street*, 471 U.S. 409 (1985)). Therefore, Appellant's objection to Robinson's statement on the recording was timely.

Appellant contends that Robinson's statement on the recording consenting to the search of the vehicle was a testimonial statement that was admitted in violation of his Sixth Amendment right to confrontation. The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. The Confrontation Clause bars the admission of out-of-court testimonial hearsay statements of a witness unless (1) the witness is unavailable to testify and (2) the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004); *Render v. State*, 347 S.W.3d 905, 917 (Tex. App.—Eastland 2011, pet. ref'd). "Post-*Crawford*, the threshold question in any Confrontation Clause analysis is whether the statements at issue are testimonial or nontestimonial in nature." *Render*, 347 S.W.3d at 917.

Generally speaking, a hearsay statement is testimonial when the surrounding circumstances objectively indicate that the primary reason the statement was made

4

was to establish or prove past events potentially relevant to later criminal prosecution. *De La Paz v. State*, 273 S.W.3d 671, 680 (Tex. Crim. App. 2008) (citing *Davis v. Washington*, 547 U.S. 813, 822–23 (2006)). The Supreme Court has not provided a comprehensive definition to be used when determining whether statements are testimonial. *Id.*; *Wells v. State*, 241 S.W.3d 172, 175 (Tex. App.—Eastland 2007 pet. ref'd). However, it has identified three kinds of statements that could be regarded as testimonial: (1) ex parte in-court testimony or its functional equivalent that declarants would reasonably expect to be used prosecutorially; (2) statements contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions; and (3) statements that were made under circumstances that would lead an objective witness to reasonably believe that the statements would be available for use at a later trial. *Langham*, 305 S.W.3d at 576. We review a Confrontation Clause ruling de novo. *See De La Paz*, 273 S.W.3d at 680.

We begin by noting that Robinson's statement giving consent to Trooper Best was in response to a police inquiry. The evidence at issue in *Crawford* involved the police questioning a witness to obtain evidence for use in a later criminal proceeding. *Crawford*, 541 U.S. at 53. In the cases decided after *Crawford*, the Supreme Court has made clear that not all statements made in response to police questioning constitute testimonial evidence even when offered for the truth of the matter asserted. What matters is whether "the primary purpose of the interrogation [was] to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822 (2006); *see Langham*, 305 S.W.3d at 577 (quoting *Davis*, 547 U.S. at 822) (Statements in response to an inquiry from a police officer are evaluated to determine if "the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution."). Conversely, when "the primary purpose of the interrogation is to enable police

5

assistance to meet an ongoing emergency," the statements will not be testimonial. *Davis*, 547 U.S. at 822; *Vinson v. State*, 252 S.W.3d 336, 338 (Tex. Crim. App. 2008).

The primary purpose for which a statement was either elicited or made is assessed objectively. *Michigan v. Bryant*, 562 U.S. 344, 359–60 (2011); *Davis*, 547 U.S. at 822. In *Bryant*, the Supreme Court noted "that there may be *other* circumstances, aside from ongoing emergencies, when a statement is not procured with a primary purpose of creating an out-of-court substitute for trial testimony." *Bryant*, 562 U.S. at 358. The Court also noted that "the informality of the situation and the interrogation" is another factor to be considered. *Id.* at 377. A "formal station-house interrogation," like the questioning in *Crawford*, is more likely to provoke testimonial statements, while less formal questioning is less likely to reflect a primary purpose aimed at obtaining testimonial evidence against the accused. *Id.* at 366, 377.

In *Langham*, the declarant was a confidential informant. *Id.* at 571–72. A detective testified that the confidential informant told him that the defendant lived in a house that was being used to distribute drugs. *Id.* at 572. Based on this information, the detective obtained a search warrant. *Id.* On appeal, the State argued that the statement was nontestimonial because the "primary purpose" of the statement was to advance the investigation by obtaining a search warrant, rather than to establish a fact for the purpose of a prosecution. *Id.* at 579. The Court of Criminal Appeals disagreed, stating that, when the detective spoke to the confidential informant, "potentially securing a conviction and punishment for those involved was his 'first-in-importance' objective." *Id.* at 580.

Appellant relies on *Lee v. State* for his contention that Robinson's consent statement was testimonial. *See Lee v. State*, 143 S.W.3d 565 (Tex. App.—Dallas 2004, pet. ref'd). In *Lee*, the defendant was the passenger in a car that was pulled

over for speeding. *Id.* at 567. The police officer who conducted the traffic stop searched the car and found the defendant's duffle bag containing a large amount of money. *Id.* The officer testified that the driver of the car told him that the defendant received the money "from selling ecstasy." *Id.* at 568. The Dallas Court of Appeals held that this statement was testimonial and that its admission violated the defendant's Sixth Amendment right to confrontation. *Id.* at 570–71.

This case is distinguishable from *Langham* and *Lee*. In *Langham*, the primary purpose behind the confidential informant's statement was to establish that the defendant lived in a house from which drugs were being distributed. *Langham*, 305 S.W.3d at 580. Similarly, in *Lee*, the primary purpose behind the driver's statement was to establish the fact that the defendant obtained the money through the sale of drugs. *Lee*, 143 S.W.3d at 570–71. Here, the primary purpose behind Robinson's statement was to give consent to the search of the vehicle. Robinson's statement did not relay any information to Trooper Best that established any past events—she merely gave her consent to a search of the vehicle. Furthermore, the statement occurred in an informal setting, prior to the discovery of any contraband. Therefore, we conclude that Robinson's statement giving consent to the search of the vehicle was nontestimonial. We overrule Appellant's first issue.

In Appellant's second issue, he contends that, under *Campbell v. Wilder*, it was an abuse of discretion for the trial court to impose court costs in spite of Appellant's indigent status. *See Campbell v. Wilder*, 487 S.W.3d 146, 152 (Tex. 2016). He argues as follows:

> [Appellant] is indigent. The Supreme Court of Texas has determined that an indigent party to a civil proceeding may not be required to pay court costs. The statutes governing court costs for civil and criminal proceedings do not vary appreciably with regard to their substantive provisions. Therefore, because [Appellant] is indigent, the trial court erred by requiring him to pay any court costs.

7

Appellant contends that, because the statutes governing court costs in civil proceedings and in criminal proceedings are substantially the same, the holding in *Campbell* should be extended to criminal proceedings. Appellant directs us to Chapters 101 and 102 of the Government Code. *Compare* TEX. GOV'T CODE ANN. § 101.061 (West 2013) ("The clerk of a district court *shall collect* fees and costs under the Civil Practice and Remedies Code . . . ." (emphasis added)) *with* GOV'T § 102.021 (West Supp. 2017) ("A person convicted of an offense *shall pay* the following under the Code of Criminal Procedure . . . ." (emphasis added)) *and* GOV'T § 102.041 ("The clerk of the district court *shall collect* fees and costs under the Code of Criminal Procedure . . . ." (emphasis added)). Appellant further notes that "none of these statutes, whether civil or criminal, make any exceptions for indigent parties."

In response, the State contends that Appellant failed to preserve error for this complaint because he is raising this issue for the first time on appeal. Relying on *London v. State*, Appellant contends that he may challenge court costs for the first time on appeal because the trial court did not impose specific court costs in open court. *See London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016).

An appellant may complain about court costs for the first time on appeal "when those costs are not imposed in open court and the judgment does not contain an itemization of the imposed court costs." *Id.* In *London*, the defendant was assessed $329 in court costs, which included a $35 fee for summoning witnesses pursuant to Article 102.011 of the Texas Code of Criminal Procedure. *Id.* at 506. On appeal, the defendant challenged this fee for the first time, contending that Article 102.011 was unconstitutional as applied to him. *Id.* The Court of Criminal Appeals held that, since the defendant had no way of knowing the breakdown of his court costs until twenty-four days after his conviction, he was not given the opportunity to

8

object to the $35 fee and could raise the issue for the first time on appeal. *Id.* at 506–07.

Here, the trial court imposed court costs in open court but did not state which specific costs would be assessed. However, unlike in *London*, Appellant's second issue does not challenge a portion of the court costs. Rather, Appellant contends that he should not have to pay any court costs because he is indigent. A breakdown of the specific costs that were assessed in this case is irrelevant to Appellant's challenge. Therefore, it appears that Appellant failed to preserve his second issue because he had an opportunity to object to the imposition of court costs on the basis of his indigent status when the trial court announced in open court that costs would be assessed.

Moreover, Appellant's indigent status is not a bar to the assessment of court costs. The El Paso Court of Appeals addressed the same contention, based upon *Campbell*, in *Gonzalez v. State*, No. 08-16-00257-CR, 2018 WL 1312945 (Tex. App.—El Paso March 14, 2018, no pet.) (mem. op., not designated for publication). The court held that *Campbell* is inapplicable to criminal cases because Rule 145 of the Texas Rule of Civil Procedure, the rule at issue in *Campbell*, applies only to civil proceedings. *Gonzalez*, 2018 WL 1312945, at *2 (citing TEX. R. CIV. P. 2). The court further reasoned that "a purpose of Rule 145 is to ensure that indigent individuals will have access to the courts by preventing the imposition of costs in certain circumstances." *Id.* In a criminal case, indigent individuals are not prevented access to the courts because costs are not assessed until after they are convicted. *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2018)). We agree with the reasoning of the El Paso Court of Appeals and conclude that Appellant's indigent status is not a bar to the assessment of court costs against him.

As Appellant acknowledges in his brief, other courts of appeals have held that indigent criminal defendants are not excused from paying mandatory court costs.

*See Allen v. State*, 426 S.W.3d 253, 259 (Tex. App.—Texarkana 2013, no pet.); *Williams v. State*, 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2011, pet. denied). Appellant urges us to reconsider these cases in light of *Campbell*. However, we find the holding in *Gonzalez* persuasive and decline to extend *Campbell* to criminal proceedings. We overrule Appellant's second issue.

In Appellant's third issue, he contends that the statutes authorizing the assessment of court costs are unconstitutional as applied to him and violate his right to equal protection because indigent civil litigants may be excused from paying court costs. In response, the State contends that Appellant failed to preserve error because he is raising this issue for the first time on appeal. Appellant again relies on *London* for his contention that he may raise this issue for the first time on appeal. For the same reasons discussed in Appellant's second issue, it appears that Appellant has not preserved this issue for appellate review.

Moreover, Appellant has failed to show that the challenged statutes are unconstitutional as applied to him. We note at the outset that the Waco Court of Appeals addressed a similar contention in *Martinez v. State*, 507 S.W.3d 914, 917–18 (Tex. App.—Waco 2016, no pet.). The El Paso Court of Appeals also addressed the contention in *Gonzalez*. *Gonzalez*, 2018 WL 1312945, at *3.

There is a presumption that a statute is valid and that the legislature acted reasonably in enacting it. *See Faust v. State*, 491 S.W.3d 733, 743–44 (Tex. Crim. App. 2015). An "as applied" challenge to the constitutionality of a statute asserts that a statute, although generally constitutional, operates unconstitutionally as to the claimant because of his particular circumstances. *Gillenwaters v. State*, 205 S.W.3d 534, 536 n.3 (Tex. Crim. App. 2006).

Appellant contends that the statutes authorizing court costs in this case operate unconstitutionally as applied to him because they violate his right to equal protection. Alternatively, Appellant contends that Article 102.005(f) of the Texas

Code of Criminal Procedure and Section 51.851(d) of the Texas Government Code are unconstitutional as applied to him because "there is no rational basis for requiring indigent criminal defendants to pay these fees when indigent civil litigants are not required to."

Under the Equal Protection Clause of the Fourteenth Amendment, all persons similarly situated shall be treated alike under the law. *Plyler v. Doe*, 457 U.S. 202, 216 (1982); *Wood v. State*, 18 S.W.3d 642, 651 n.9 (Tex. Crim. App. 2000). Because the statutes authorizing court costs do not implicate a fundamental right or discriminate against a suspect class, a rational basis test is appropriate. *See In re Shaw*, 204 S.W.3d 9, 17–18 (Tex. App.—Texarkana 2006, pet. ref'd); *Ex parte Morales*, 212 S.W.3d 483, 501 (Tex. App.—Austin 2006, pet. ref'd); *see also Wood*, 18 S.W.3d at 650. Thus, Appellant has the burden to show that the statutory classification is not rationally related to a legitimate state interest. *See Wood*, 18 S.W.3d at 650–51.

In order to prevail on an equal protection claim, Appellant must show that (1) he was treated differently than other similarly situated persons and (2) he was treated differently without a reasonable basis. *Sanders v. Palunsky*, 36 S.W.3d 222, 225 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Indigent criminal defendants and indigent civil litigants are not similarly situated persons. *Gonzalez*, 2018 WL 1312945, at *3 (explaining that criminal defendants are not assessed costs until after they have been convicted, whereas civil litigants may be assessed costs without a conviction); *Martinez*, 507 S.W.3d at 917–18 (explaining that, but for Rule 145, indigent civil litigants would be prevented from accessing the courts). We agree with the reasoning of the Waco Court of Appeals in *Martinez* and the El Paso Court of Appeals in *Gonzalez*. Appellant has failed to show that he was treated differently than other similarly situated persons. We overrule Appellant's third issue.

In Appellant's fourth issue, he contends that the trial court erred by assessing court costs against him under Article 102.0185 of the Texas Code of Criminal Procedure because he was not convicted of an intoxication-related offense. In Appellant's fifth issue, he contends that the trial court erred by assessing court costs against him twice because he was convicted of two offenses in a single criminal action. The State concedes that the $29 charge listed on the bill of costs as "EMS Fund" should be deleted and that Appellant should only be assessed one set of court costs. Accordingly, we sustain Appellant's fourth and fifth issues.

*This Court's Ruling*

We modify the judgment of the trial court in cause number CR-03933 to reflect that the amount of court costs is reduced from $278 to $249. Further, we modify the judgment of the trial court in cause number CR-03934 to reflect that the amount of court costs is reduced from $278 to $0. As modified, the judgments of the trial court are affirmed. *See* TEX. R. APP. P. 43.2(b).

JOHN M. BAILEY

July 19, 2018                                                    JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[2]

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.