

# IN THE
# TENTH COURT OF APPEALS

No. 10-19-00416-CR
No. 10-19-00417-CR
No. 10-19-00418-CR

**CHRISTOPHER LEE BERRY,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 220th District Court
Bosque County, Texas
Trial Court Nos. CR15557,
CR15558, and CR15559

## MEMORANDUM OPINION

After a bench trial, the trial court found Appellant Christopher Lee Berry guilty of manslaughter in each of the above-numbered cases. The trial court sentenced Berry to twenty years' incarceration in each case, with the sentences to be served concurrently. Berry filed a notice of appeal in each case. We will affirm the trial court's judgments in each case and modify the bill of cost filed in Cause Number 10-19-00416-CR.

In each of these appeals, Berry's appointed counsel filed a motion to withdraw and an *Anders* brief in support of the motion asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's briefs evidence a professional evaluation of the record for error and compliance with the other duties of appointed counsel. We conclude that counsel has performed the duties required of appointed counsel. *See id.* at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744; *see Penson v. Ohio*, 488 U.S. 75, 80 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10 (1988). Although granted an extension of time, Berry has not filed a *pro se* response in any of these matters.

After a full examination, we find that the appeals in Cause Numbers 10-19-00417-CR and 10-19-00418-CR are frivolous and affirm the judgments of the trial court.

A somewhat different analysis applies in Cause Number 10-19-00416-CR because counsel's brief and amended brief identify several nonreversible issues related to the fees and costs assessed in the bill of costs—what we have termed an *Allison* brief. *See Cummins v. State*, --- S.W.3d ---, No. 10-21-00303-CR, 2022 WL 1489511, at *5 (Tex.

App.—Waco May 11, 2022, no pet. h.) (referring to *Allison v. State*, 609 S.W.3d 624, 628 (Tex. App.—Waco 2020, order)).  In such a circumstance, we "will conduct an independent review of the record for reversible error involving the defendant's conviction and sentence and then treat the briefed nonreversible error as a merits issue." *Id*. at *4.

When counsel files an *Allison* brief, the State is expected to file a response addressing the merits of the nonreversible error presented.  *Id*. at *6.  The State did not file a brief in response to any of counsel's motions to withdraw and supporting *Anders* briefs.  After counsel was granted leave to file an amended brief, the State was provided an additional thirty days to file a brief in response.  The State did not do so.

While we find no error that would require reversal of the conviction or sentence in Cause Number 10-19-00416-CR, the *Allison* briefs, as noted, identify what we now recognize as Category 2 nonreversible errors that are not preserved or that are not subject to procedural default.  *See id.* at *7-8.  Issues related to the assessment of fees and court costs, as in this case, may be raised for the first time on appeal.  *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016).

In cases such as this, appellate courts have the authority to reform judgments and to affirm as modified where nonreversible error is identified.  *Allison*, 609 S.W.3d at 628.  We are also authorized to correct errors in a bill of cost independent of finding error in the trial court's judgment.  *See Cummins*, 2022 WL 1489511 at *12 n.12 (citing *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021)); *London*, 490 S.W.3d at 508 n.5).

Court costs are not required to be orally pronounced at sentencing as they are not punitive like fines or restitution and do "not alter the range of punishment to which the defendant is subject, or the number of years assessed." *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009) (quoting *Ex parte Huskins*, 176 S.W.3d 818, 821 (Tex. Crim. App. 2005)). The imposition of court costs is mandatory under Article 42.16 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 42.16; *Martinez v. State*, 507 S.W.3d 914, 916 (Tex. App.—Waco 2016, no pet.). However, the court may only impose those costs that are statutorily authorized. *See Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). There must also be a basis in the record for the assessment of a cost. *Wolfenbarger v. State*, 581 S.W.3d 455, 459 (Tex. App.—Texarkana 2019, no pet.).

The bill of cost, that was prepared by the trial court clerk upon request by counsel approximately nine months after the trial court signed the judgment of conviction, includes the following costs challenged by Berry: (1) a restitution fee of $12.00; (2) a drug court program fee of $60.00; (3) a DWI video fee of $15.00; (4) an EMS fee of $100.00; and (5) a $25.00 time payment fee.[1]

The trial court did not orally pronounce restitution as part of Berry's sentence. The judgment includes the following notation under the section entitled "Restitution:" "N/A." Under the section entitled "Court Costs," the judgment notes: "SEE BILL OF COST." Although the trial court did not impose restitution when sentence was orally

---

[1] Berry's amended brief clarifies that the time payment fee included in the itemized bill of cost is premature rather than unconstitutional in light of *Dulin*.

pronounced or in the judgment of conviction, the trial court clerk included a $12.00 restitution "fee" in the certified bill of cost.

At the time Berry was sentenced, the Code of Criminal Procedure provided:

The court may require a defendant to make restitution under this article within a specified period or in specified installments. If the court requires the defendant to make restitution in specified installments, in addition to the installment payments, the court may require the defendant to pay a one-time restitution fee of $12, $6 of which the court shall retain for costs incurred in collecting the specified installments and $6 of which the court shall order to be paid to the compensation to victims of crime fund.

*See* Act of May 26, 2009, 81st Leg., R.S., ch. 1040, § 2, 2009 Tex. Sess. Law Serv. 2672, 2673 (amended 2019) (formerly article 42.037(g)(1) of the Code of Criminal Procedure). The former law remains in effect for offenses committed before January 1, 2020. Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 5.01, 5.04, 2019 Tex. Sess. Law Serv. 3982, 4035-36. Under the clear language of the statute, the imposition of a restitution "fee" is appropriate only when a sentence of restitution is imposed. As no restitution was imposed by the trial court, the restitution "fee" was improperly included in the bill of cost. We will modify the bill of cost, therefore, to delete the $12.00 restitution fee.

At the time of Berry's sentencing, a drug court fee, a DWI video fee, and an EMS fee were authorized under the Code of Criminal Procedure in the appropriate circumstances. *See* Act of May 31, 2009, 81st Leg., R.S., ch. 902, § 1, 2009 Tex. Gen. Laws 2431, 2431 (repealed 2019) (formerly art. 102.1078(a) of the Code of Criminal Procedure) (drug court fee); *see also* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.07, 1993 Tex. Gen. Laws 3586, 3701-02, renumbered as article 102.018(a) by Act of Apr. 25, 1995, 74th Leg., R.S., ch. 76, § 17.01(4), 1995 Tex. Gen. Laws 458, 845 (amended 2019) (DWI video

fee); *see also* Act of June 1, 2003, 78th Leg., R.S., ch. 1213, § 4, 2003 Tex. Gen. Laws 3440, 3442 (amended 2019) (formerly article 102.0185(a) of the Code of Criminal Procedure) (EMS fee).[2]  Each of these fees requires conviction of a drug- or alcohol-related offense. Berry was convicted of manslaughter, not intoxication manslaughter.  Accordingly, we will modify the bill of cost to eliminate the $60.00 drug program fee, the $15.00 DWI video fee, and the $100.00 EMS fee.

The bill of cost additionally includes two separate $25 time payment fees--one included in the itemized bill of cost that is due immediately and an "additional" time payment fee to be assessed if "total court costs, fines, fees, and restitution are not paid within 30 days of the Judgment. . . ."  The itemized $25 time payment fee is not conditional and is premature.  *See Dulin*, 620 S.W.3d at 134.  We will modify the bill of cost to eliminate the $25 time-payment fee located in the itemized list.

In light of the foregoing, we affirm the trial court's judgments in Cause Number 10-19-00417-CR (trial court number CR15558) and Cause Number 10-19-00418-CR (trial court number 15559).  We affirm the trial court's judgment in Cause Number 10-19-00416 (trial court number CR15557), but modify the certified Bill of Cost dated August 17, 2020 by deleting the $12.00 restitution fee, the $60.00 drug program fee, the $15.00 DWI video fee, the $100.00 EMS fee, and the $25.00 time payment fee.

Counsel's motion to withdraw from representation in each appeal is granted.

---

[2] These former laws also remain in effect for offenses committed before January 1, 2020.  *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 5.01, 5.04, 2019 Tex. Sess. Law Serv. at 4035-36.

MATT JOHNSON
Justice


Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed and affirmed as modified
Motions granted
Opinion delivered and filed June 8, 2022
Do not publish
[CR25]

