

IN THE
TENTH COURT OF APPEALS

No. 10-22-00279-CR

RAMON JOSEPH CASTRO II,

                                                        Appellant

 v.

THE STATE OF TEXAS,

                                                        Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2021-1722-C1

MEMORANDUM OPINION

Ramon Joseph Castro II was found guilty by a jury of the offenses of aggravated assault and felon in possession of a firearm. *See* TEX. PENAL CODE ANN. §§ 22.02, 46.04. The jury found the enhancement allegations alleged in the indictment true and assessed his punishment at sixty years in the penitentiary for the aggravated-assault count and

twenty years in the penitentiary for the felon-in-possession-of-a-firearm count. The trial court sentenced him accordingly.

Castro's appointed counsel filed a motion to withdraw and an *Anders* brief in support of the motion asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Castro was notified by this Court and by counsel of his right to file a response but has not done so.

Counsel's brief demonstrates a professional evaluation of the record for error and compliance with the other duties of appointed counsel and additionally identifies several nonreversible issues related to the fees and costs assessed in the bill of costs, what we have termed an *Allison* brief. *See Cummins v. State*, 646 S.W.3d 605, 614 (Tex. App.—Waco 2022, pet. ref'd) (referring to *Allison v. State*, 609 S.W.3d 624, 628 (Tex. App.—Waco 2020, order) (per curiam)). When counsel files an *Allison* brief, we "will conduct an independent review of the record for reversible error involving the defendant's conviction and sentence and then treat the briefed nonreversible error as a merits issue." *Id*. at 612. We conclude that counsel has performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407–09 (Tex. Crim. App. 2008).

When counsel files an *Allison* brief, the State is expected to file a response addressing the merits of the nonreversible error presented. *See Cummins*, 646 S.W.3d at 612. The State did file a brief in response to counsel's motion to withdraw and supporting *Anders* brief.

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349–50, 102 L.Ed.2d 300 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509–11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988). After a review of the entire record in this appeal, we have determined the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

While we conclude there is no error that would require reversal of Castro's conviction or sentence, the *Allison* brief, as noted, includes what we identify as Category 2 nonreversible errors that are not subject to procedural default. *See Cummins*, 646 S.W.3d at 616. Claims of error related to the assessment of fees and court costs, as in this case, may be raised for the first time on appeal. *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016).

In cases such as this, appellate courts have the authority to reform judgments and to affirm as modified where nonreversible error is identified. *Cummins*, 646 S.W.3d at 610

n.2; *Allison*, 609 S.W.3d at 628. A court of appeals also has the authority to correct and reform a judgment to make the record speak the truth when it has the information to do so. *See* TEX. R. APP. P. 43.2(b) (authorizing court of appeals to "modify a trial court's judgment and affirm it as modified"); *see also Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). We are also authorized to correct errors in a bill of costs independent of finding error in the trial court's judgment. *See Cummins*, 646 S.W.3d at 622 & n.12 (citing *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021), and *London*, 490 S.W.3d at 508 n.5); *Briceno v. State*, No. 10-22-00048-CR, 2023 WL 5098514, at *8 (Tex. App.—Waco Aug. 9, 2023, no pet.).

Court costs are not required to be orally pronounced at sentencing as they are not punitive like fines or restitution and do "not alter the range of punishment to which the defendant is subject, or the number of years assessed." *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009) (quoting *Ex parte Huskins*, 176 S.W.3d 818, 821 (Tex. Crim. App. 2005)). The imposition of court costs is mandatory under article 42.16 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 42.16; *Martinez v. State*, 507 S.W.3d 914, 916 (Tex. App.—Waco 2016, no pet.). However, the court may only impose those costs that are statutorily authorized. *See Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). There must also be a basis in the record for the assessment of a cost. *See id*. at 390; *see also Wolfenbarger v. State*, 581 S.W.3d 455, 459 (Tex. App.—Texarkana 2019, no pet.).

Castro challenges the assessment of $40 labeled "CRIMINAL FILING FEE" in the bill of costs because he contends there is no authority for such a fee. There are multiple bills of costs included in the clerk's record. The only certified bill of costs is found in the clerk's record at page 154. Descriptions of each itemized fee are included in the bill of costs and are easily assigned to a specific statutory provision authorizing the fee. The amounts assessed are all authorized by section 134.101(a) of the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 134.101(a). Section 134.101 provides for the "clerk of the court" to be allocated $40 of the local consolidated fee. *See id.* § 134.101(a)(1). Here, the clerk identifies the $40 fee as a "criminal filing fee," and even if the label or description is incorrect, the total local consolidated fee itemizations are authorized by section 134.101(a). *See id.* § 134.101(a); *see also Cook v. State*, No. 10-12-00204-CR, 2014 WL 1016242, at *2 (Tex. App.—Waco Mar. 13, 2014, no pet.) (mem. op., not designated for publication).

We overrule Castro's issue and affirm the judgments of the trial court.

Counsel's motion to withdraw from representation is granted.

MATT JOHNSON
Justice

Before Chief Justice Gray,
        Justice Johnson, and
        Justice Smith
(Chief Justice Gray dissents.)

Affirmed
Opinion delivered and filed October 19, 2023
Do not publish
[CRPM]

