

IN THE
TENTH COURT OF APPEALS

No. 10-21-00266-CR

CANDACE DELORES RIOS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2016-20-C1

O P I N I O N

Candace Delores Rios pleaded guilty to the first-degree felony offense of injury to a child. The trial court found Rios guilty, assessed her punishment at forty years in the penitentiary, and sentenced her accordingly.

Rios's prior counsel filed a motion to withdraw and an *Anders* brief in support of the motion, asserting that he had diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18

L.Ed.2d 493 (1967).  Rios was notified by this Court and by counsel of her right to file a response, and she has done so.

Rios's current counsel has adopted prior counsel's amended *Anders* brief filed with the Court on February 9, 2022, which demonstrates a professional evaluation of the record for error and compliance with the other duties of appointed counsel and additionally identifies several nonreversible issues related to the fees and costs assessed in the judgment and bill of costs, what we have termed an *Allison* brief.  *See Cummins v. State*, 646 S.W.3d 605, 614 (Tex. App.—Waco 2022, pet. ref'd) (referring to *Allison v. State*, 609 S.W.3d 624, 628 (Tex. App.—Waco 2020, order) (per curiam)).  When counsel files an *Allison* brief, we "will conduct an independent review of the record for reversible error involving the defendant's conviction and sentence and then treat the briefed nonreversible error as a merits issue."  *Id*. at 612.  We conclude that counsel has performed the duties required of appointed counsel.  *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407–09 (Tex. Crim. App. 2008).

When counsel files an *Allison* brief, the State is expected to file a response addressing the merits of the nonreversible error presented.  *See Cummins*, 646 S.W.3d at 612.  The State did not file a brief in response to counsel's motion to withdraw and supporting *Anders* brief and waived responding to Rios's *pro se* response.

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349–50, 102 L.Ed.2d 300 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509–11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988). After a review of the entire record in this appeal, we have determined the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

While we conclude there is no error that would require reversal of Rios's conviction or sentence, the *Allison* brief, as noted, includes what we identify as Category 2 nonreversible errors that are not subject to procedural default. *See Cummins*, 646 S.W.3d at 616. Claims of error related to the assessment of fees and court costs, as in this case, may be raised for the first time on appeal. *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016).

In cases such as this, appellate courts have the authority to reform judgments and to affirm as modified where nonreversible error is identified. *Cummins*, 646 S.W.3d at 610 n.2; *Allison*, 609 S.W.3d at 628. A court of appeals also has the authority to correct and reform a judgment to make the record speak the truth when it has the information to do so. *See* TEX. R. APP. P. 43.2(b) (authorizing a court of appeals to "modify a trial court's judgment and affirm it as modified"); *see also Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex.

Crim. App. 1993). We are also authorized to correct errors in a bill of costs independent of finding error in the trial court's judgment. *See Briceno v. State*, 675 S.W.3d 87, 100–01 (Tex. App.—Waco 2023, no pet.); *Cummins*, 646 S.W.3d at 622 n.12 (citing *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021), and *London*, 490 S.W.3d at 508 n.5).

Court costs are not required to be orally pronounced at sentencing as they are not punitive like fines or restitution and do "not alter the range of punishment to which the defendant is subject, or the number of years assessed." *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009) (quoting *Ex parte Huskins*, 176 S.W.3d 818, 821 (Tex. Crim. App. 2005)). The imposition of court costs is mandatory under Article 42.16 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 42.16; *Martinez v. State*, 507 S.W.3d 914, 916 (Tex. App.—Waco 2016, no pet.). However, the court may only impose those costs that are statutorily authorized. *See Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). There must also be a basis in the record for the assessment of a cost. *See id.* at 390; *see also Wolfenbarger v. State*, 581 S.W.3d 455, 459 (Tex. App.—Texarkana 2019, no pet.).

Rios initially challenged the assessment of $505 in total court costs in the certified bill of costs versus the schedule of court costs attached to the trial court's judgment reflecting $475 in total court costs. Rios also contends that proper total court costs in this case amount to $409. This appeal was abated to the trial court pursuant to Rule 44.4(a) of the Rules of Appellate Procedure. *See* TEX. R. APP. P. 44.4(a). The trial court clerk filed a

supplemental record containing the trial court's order on abatement and an amended certified bill of costs. This appeal was reinstated on August 14, 2023. Supplemental briefing by the parties was requested; however, no additional briefing was filed.

The amended certified bill of costs entered after the June 9, 2023 abatement hearing in the trial court reflects a total of $419 in assessed court costs, all of which are shown to be paid. Because the only issue raised by Rios is purely monetary, the voluntary payment of the fine and court costs rendered the appeal moot. *See Dulin*, 620 S.W.3d at 131. We therefore overrule Rios's issue regarding assessed court costs.

We grant the motion to withdraw and affirm the judgment of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,
        Justice Johnson, and
        Justice Smith
(Chief Justice Gray dissenting)
Affirmed
Opinion delivered and filed December 14, 2023
Publish
[CRPM]

